UNITED STATES v. TWO PARCELS OF LAND, IN CITY OF SPRINGFIELD, MASSACHUSETTS, et al.

Misc. Civ. No. 6669.

District Court, D. Massachusetts.

June 12, 1947.

William T. McCarthy, U. S. Atty., and Philip P. A. O'Connell, Sp. Asst. U. S. Atty., both of Boston, Mass., and Charles M. Irelan, of Washington, D. C., for petitioner.

Milton J. Donovan, of Springfield, Mass., for Westinghouse Electric Corporation.

Harold Singer and Singer, Stoneman & Kurland, all of Boston, Mass., for Hodges Carpet Co.

SWEENEY, District Judge.

In this action the Westinghouse Electric Corporation seeks to recover from the petitioner just compensation for the taking of its leasehold rights to occupy the premises in question. The petitioner denies its liability to pay just compensation to this claimant, basing its decision upon the fact that it took the entire interest which the Corporation had in the lease, even though it took it piece by piece.

### Findings of Fact

The parties hereto have filed an agreed statement of facts, including the amount of damages, if any, which the Court adopts as its findings of fact. The effect of the stipulation is to leave open only a simple question of law. That question is as follows: "Is Westinghouse Electric Corporation entitled to recover from the United States of America the sum of $25,600.00 as the value of its occupancy under a lease of the premises in question?" Stated succinctly, the facts are these:

On February 18, 1943, the Corporation occupied the property under a lease which was to expire late in 1944. At that time the government, by a petition for condemnation, acquired the use and occupancy of the leased premises for the stated period from February 18, 1943, to June 30, 1943, with the right to renew said term for successive annual periods during the existence of the war emergency. Immediate possession of the property was given to the government. The right of renewal was exercised on or about June 30, 1943, for a period of one year, and it was again exercised on or about June 30, 1944. By the exercise of these options the entire leasehold was taken. The Corporation contends that United States v. General Motors Corp., 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311, 156 A.L.R. 390, is decisive of this case. It urges that the General Motors taking, as amended after judgment in the lower court, is on all fours with the government's taking in the instant case. It further urges that the value of the interest taken, on the day that it is taken, is the measure of its right to recovery. The government contends that the decision in United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 90 L. Ed. 729, fixes the law in this case. I do not consider the taking in the Petty case analogous to the taking in the instant case for, while it reached the same result, the original taking in the Petty case was for the entire balance of the term of the lease, with an option to surrender earlier. I think that this case must be governed by the decision in the General Motors case. I doubt that the fact that the government has exercised its option sufficiently to wipe out the balance of the Corporation's lease can have any effect upon the claimant's right to recover for its interest in the leasehold.

On February 18, 1943, the Corporation possessed a leasehold which had some val-

ue. The government did not elect to take the entire term of the lease in one taking, nor did it go so far as it did in the Petty case to take the entire balance of the term, with a right to early cancellation. It did exactly what was done in the General Motors case; that is, it took a portion of the term with the option for annual renewals. The tenant's right to just compensation arose on that day. I cannot believe that a tenant's right to just compensation for an interest taken can be defeated by the government's taking successive bites at the remainder so as to consume the whole eventually. If the government had taken three definite terms in three separate condemnation proceedings, there would be no question that they would be liable under the General Motors decision. I doubt if the tenant's rights can be defeated by the use of one condemnation proceeding with the option to take the balance piece by piece.

### Conclusions of Law

From the foregoing I conclude and rule that the Westinghouse Electric Corporation is entitled to judgment against the United States in the sum of $25,600.00.